Whiteside *v.* Pulliam.

SAMUEL B. WHITESIDE, Appellant, *v.* JOHN W. PULLIAM, Appellee.

APPEAL FROM ST. CLAIR.

Upon a reference to a master in chancery to state an account, the parties have a right to be present, by themselves or solicitors; without notice to them, the master should not proceed; should a hearing be refused by the master, upon exception taken, the cause will be again referred.

An affidavit in support of exception to a report, which denies notice as to the time of hearing before the master, should also show that the solicitor had not notice.

THIS was a bill for an account, filed in the St. Clair Circuit Court, by J. W. Pulliam, against S. B. Whiteside, E. Penseneau and Narcisse Penseneau.

The bill alleges, in substance, that on the 27th August, 1858, S. B. Whiteside, of the one part, and E. and N. Penseneau, of the other, made a written contract under seal, whereby said Whiteside then bought a bill of goods of the Penseneaus, amounting to $1,635, and paid them $800 of the same; the remaining $835 S. B. Whiteside was to place in his store at Fayetteville, with a like amount of goods, bought for cash, and keep up the stock in a merchantable manner, and keep a set of books, and account to said Penseneaus for their equal share of all profits every three months, or oftener, if required; the said Penseneaus agreeing therein to give said Whiteside $150 per year for their part of the rent and clerk hire; said contract to be in force during twelve months from date, and said Whiteside acknowledging himself personally liable for said $835. The bill further alleges, that on the 3rd of May, 1859, the said Penseneaus, with consent of said Whiteside, for a consideration, assigned all their interest in said agreement and partnership to said Pulliam, and that though the said year had expired, said Whiteside had not accounted either to said Penseneaus or to said Pulliam; and prays that an account may be taken, and decree rendered in favor of complainant, for balance found due from said Whiteside, etc.

The defendants filed an answer, in which said Whiteside admitted there was a written agreement as alleged in the bill, existing between him and the Penseneaus; that the transfer thereof was made with his consent. He alleges that he settled regularly with said Penseneaus; that said Pulliam refused to permit him to render an account; that he is willing to do so; that on the 24th August, 1859, said Pulliam ordered defendant to send him certain goods of the firm to Belleville, which he did to the amount of $371.91, which the said Pulliam acknowledged by his receipt, dated Belleville, August 29th, 1859, and

made part of this answer; and that the remaining portion of said goods are now in his store at Fayetteville, for which he is ready and willing to account.

To which answer the complainant replied, denying the answer and averring the truth of the bill.

At the September term, the cause was referred to the master to state an account, and the court ordered that G. A. Harvey sell the goods in his possession, and hold the proceeds subject to the order of the court, and report to the court.

Harvey's report was filed, showing $108.23 proceeds.

The master's report was filed, exhibiting $527.27 as the amount due from Whiteside to Pulliam. The master took only the testimony of said E. Penseneau and one Rittenhouse.

A decree was passed, that said Pulliam render to said Whiteside $527.27.

Whiteside filed exceptions to master's report, stating that there was no notice to said Whiteside of the time and place of taking said account; that said Whiteside was not examined as a witness on the taking of said account; that said N. Penseneau was not examined; that said N. Penseneau had not notice of time and place of taking said account.

Whiteside filed his affidavit, stating in substance that he had no notice of the taking of said testimony or of the statement of the account aforesaid; that his claim for rent and clerkhire was not settled with him by said Penseneaus, but stood as a charge upon their equities in the contract which they transferred to said Pulliam, and that said Pulliam was to pay said rent and clerk hire to the extent of $150, at the end of the year from the date of said contract; that he expects to prove these facts by Narcisse Penseneau and G. W. Whiteside; that about the last of December, 1859, (after the bill of goods in Harvey's report had been sent to Pulliam), all the residue of the stock of goods in which said Pulliam had acquired an interest, in virtue of the transfer of said contract, were equally divided as to value between said Pulliam and affiant, and that said Pulliam then received his half thereof, amounting to $275.02, the whole being inventoried at $550.04—which facts he expects to prove by John R. Nolen, Pennington Ford and G. W. Whiteside.

Whiteside also filed the affidavit of John R. Nolen, who stated that on or about the 30th December, 1859, he acted for said Whiteside, along with Pennington Ford, who acted for said Pulliam, in making a division at Fayetteville, of the goods which he understood to be the residue of the goods had by said Pulliam and Whiteside in partnership, and that Pulliam received his portion of said goods.

At the same time, Whiteside filed the affidavit of Narcisse

Penseneau, who states that he is one of the defendants, and was a party to the settlement made between said Whiteside on the one part, and E. Penseneau and affiants on the other, at the time of transferring said contract to said Pulliam; that the rent and clerk hire provided for in said contract were not included in said settlement, but were to be paid or accounted for to said Whiteside by said Pulliam after the transfer of said contract to him.

At the same time, said Whiteside also filed the affidavit of G. W. Whiteside, who states that he was present at the settlement alluded to in the testimony of E. Penseneau; that the rent and clerk hire provided for in said contract were not included in said settlement, but that by the terms thereof, the same stood over as a charge upon Pulliam after said contract was transferred to him.

Whiteside moved the court to open the proceedings in the cause, and for leave to produce further testimony before the master during the term, and that the master may take further account; which motion was denied by the court, and said exceptions to the master's report overruled, and the said decree made final, whereupon Whiteside prayed an appeal.

By consent, the venue was changed to the Second Grand Division.

J. BAKER, for Appellant.

W. H. AND J. B. UNDERWOOD, for Appellee.

WALKER, J. When a reference is made to a master in chancery to take and state an account, the parties have the undoubted right to be present and be heard in support of their rights. And the master should never proceed to pass upon and fix their rights by stating the account, unless the parties are present by themselves or their solicitors, or have been notified of the time and place of the hearing. On the hearing before him, they have the same right to be heard by themselves or by counsel, to introduce evidence, cross-examine witnesses, and take the various steps authorized by law, as if the hearing was before the chancellor instead of the master. And when the master has proceeded to take and state an account in the absence of either party, or of his solicitor, and without notice to either of them, an exception to his report should be allowed, and the cause again referred, so as to afford the party an opportunity of being heard and of urging his claims.

In this case the defendant Whiteside excepted to the master's report, because of an alleged want of notice of the time and place of stating the account. The exception was dis-

allowed by the court. In support of this exception, Whiteside filed his affidavit, in which he denies that he was served with notice, or had any knowledge of the time when the evidence was heard before the master, but he fails to state that his solicitor had no such notice, nor is there anything appearing in the record by which it is shown that his solicitor had not notice, or was not present at the hearing before the master. From the master's report it appears that defendant examined Edward Penseneau, when he was testifying before the master. It is true that the report does not specify which defendant it was, but as neither of the Penseneaus seem to have had any interest in this contest, and as Whiteside has failed to deny in his affidavit that his solicitor was then present, we may safely infer that the examination was by Whiteside's solicitor. Had the report failed to show an appearance, by any defendant on the hearing, the presumption might have been, that the master was unauthorized to act. But upon this record we are of the opinion that the court acted correctly in refusing to allow this exception.

The other exceptions should have been taken before, and disallowed by the master, to entitle them to be heard before the chancellor. *Brockman* v. *Aulger*, 12 Ill. 277. And on the application to open the master's report to hear further evidence, the party failed to show the use of diligence, or any accident, or any reason why he had not offered to adduce the evidence before the master in vacation. Had he called upon the master in vacation, before the hearing, and offered to produce the evidence, and the master had refused to fix a time for the purpose, then the application would have been entitled to more favor. But it does not appear that he took any steps or made any effort to have his evidence heard by the master. We perceive no error in overruling this motion. No error is discovered in this record for which the decree of the court below should be reversed, and it is therefore affirmed.                *Decree affirmed.*