# Richmond.

## SLAUGHTER v. DANNER.

### JANUARY 14, 1904.

### Absent, Buchanan, J.*

1. PARTNERSHIP—*Settlements—Imperfect Books.*—A partner who has actively engaged in the management of the business of the firm and in keeping a large and important part of its books has the burden, in a suit brought by him for the settlement of the partnership accounts, of showing that his co-partner is indebted to him. If, on account of the confused and imperfect condition of the books, no reliable settlement can be made, his bill should be dismissed.

2. EQUITY—*Partnership Settlements—Issue Out of Chancery.*—It is one of the peculiar functions of a court of equity to settle the partnership accounts, and this court will not reverse the action of the trial court in refusing to order an issue out of chancery to make such settlement. The object of an issue out of chancery is to aid the court in arriving at a conclusion, and whether it is desirable or not rests in the sound discretion of the court.

Appeal from a decree of the Law and Equity Court of the city of Richmond in a suit in chancery, wherein the appellant was the complainant, and the appellee was the defendant.

*Affirmed.*

The opinion states the case.

*Isaac Diggs* and *Hugh A. White,* for the appellant.

*M. M. Gilliam,* for the appellee.

*Judge Buchanan was detained at home by sickness.

HARRISON, J., delivered the opinion of the court.

This suit was brought by the appellant, J. L. Slaughter, for a settlement of the affairs of a partnership between himself and the appellee, F. W. Danner. This partnership was formed in April, 1891, for the purpose of conducting the business of merchants and manufacturers of lime, plaster, and cement, in the county of Augusta. The partnership lasted until January, 1894, when it was dissolved by mutual consent.

The appellant claims that he put into the concern $3,040.00, and that he is entitled to recover that sum from his co-partner. On the other hand, the appellee claims that there were no assets of the concern with which to pay its debts, and that the firm was indebted to him in about twice the sum claimed by appellant, on account of debts for which he had become personally responsible.

There was no contract reduced to writing, setting forth the terms of the partnership agreement, and the parties are utterly at variance in their oral statements of the terms agreed upon. The appellant alleges in his bill that appellee agreed to keep all the books pertaining to the business, and his chief contention is that this obligation imposed upon appellee the duty of showing the results of the partnership business, and the rights of each partner with respect thereto, and that having failed to keep proper books, he is liable to appellant for his in-put.

The appellee, in his answer, emphatically denies the allegation that he was to keep all of the books, and avers that the appellant was to keep and did actually keep, at the place of their operations, a large and important part of the books of the firm. Certainly, with the exception of the larger part of the first year, the appellant, during the entire period of the partnership, lived in Augusta, at the place of the partnership operations, and the evidence shows that he there had the exclusive management of the business, and undertook to keep a large and important part

of the books. The appellant is not, therefore, entitled to recover upon the ground that the exclusive duty of keeping the books rested upon the appellee.

The commissioner to whom the cause was referred for a settlement of the partnership accounts, and a statement showing all claims, debts, and demands between the partners, filed a report, together with a large mass of evidence, produced before him. This report discloses the fact that a commissioner of large experience was, on account of the hopeless confusion of the books and papers submitted to him, utterly unable to make any settlement between the parties that would approximate reliability. He says that the only possibility of finding anything due to appellant would be upon the theory that appellee was, under the agreement, to keep the books, and was therefore responsible for their confused and imperfect condition, but that the evidence fails to prove that appellee was charged with, or performed, that duty, and shows the contrary to be the fact. As confirmation of the condition of the books and papers of this firm, the commissioner adverts to the report of two expert accountants filed in the record. These experts say: "We have made a careful examination of the books of the firm of Danner & Co., and the papers in the case of 'Slaughter v. Danner,' and find them in such shape that we cannot possibly make up a statement of profit and loss, or of the interest of each partner in the business. Futhermore, we believe that any statement, made up by any accountant, attempting to show these facts, if made up from the books and papers submitted to us, would be totally unreliable."

Our examination of the evidence and accounts has resulted in no greater light than was shed upon those who have previously dealt with the subject. It is impossible to say that the appellee is indebted to the appellant. Such a conclusion might be far from correct. The appellant having inaugurated the litigation, and it appearing that he was actively engaged in the manage-

ment of the business and in keeping a large and important part of the books of the firm, the burden was upon him to show his right to recover from the appellee. This he has wholly failed to do, and there can be no other result than that reached by the lower court in dismissing the bill.

Appellee insists that the lower court erred in overruling his motion for an issue out of chancery. The object of an issue out of chancery is to aid the .court in reaching a conclusion. Whether or not an issue is desirable, rests always in the sound discretion of the court. It is one of the peculiar functions of a court of equity to settle partnership accounts. In the case at bar the evidence had all been taken, and the accounts were all before the court. It is not perceived that a jury, in the condition of the record, could have brought to the court any aid in solving the difficulties presented. It was a case that the commissioner and the court could deal with far more intelligently than a jury.

Upon the whole case, we are of opinion that there is no error in the decree appealed from, and it must be affirmed.

*Affirmed.*