# CHARLESTON

## GAY v. HOUSEHOLDER.

Submitted February 20, 1912.   Decided November 12, 1912.

1. APPEAL AND ERROR—*Right to Appeal—Acceptance of Benefits.*
   To the general rule that if a party accepts the benefits of a decree in his favor he thereby waives his rights to appeal, there is a well recognized exception, applied in this case, that if he is so absolutely entitled to the benefit received that a reversal of the decree cannot affect his right to it, he does not thereby waive error, or lose his right to appeal.   (p. 279).

2. PARTNERSHIP—*Settlement of Account.*
   When a managing partner, whose duty it is to keep correct accounts, is sued for settlement by his co-partner, he will be held to strict proof of the items in his account, with which he seeks to charge the partnership; and if he has not credited himself on the books of the firm with such items, and cannot or does not furnish the amounts of such items, with dates, and vouchers, or by other satisfactory evidence show to whom disbursements have been made, going to make up the sum total claimed by him, he should be denied credit therefor in settlement of the partnership.   (p. 281).

3. SAME—*Salary of Partner.*
   The general rule that one partner is not entitled to com-

71 W. Va.

pensation for his services, in attending to partnership affairs, unless there be a contract therefor, express or implied, is reaffirmed and applied in this case. (p. 283).

Appeal from Circuit Court, Pocahontas County.

Bill by Pat Gay against W. C. Householder. Decree for defendant, and plaintiff appeals.

*Affirmed in part. Reversed in part.*

*L. M. McClintic, T. S. McNeel,* and *F. R. Hill,* for appellant.

*Price, Osenton & Horan,* for appellee.

MILLER, JUDGE:

This suit is to settle a partnership. On final hearing on bill, answer and report of the commissioner, the court below overruled the exceptions of appellant to said report and decreed that the special receiver, out of the fund in hand and to come into his hands, first, pay the costs of the suit, including five per centum commissions allowed him, second, all partnership debts unpaid, not including the debts decreed the individual members of the firm, as found by the commissioner, and third, the residue to be paid *pro rata* to the individual partners on the basis of $661.42, adjudged to be due plaintiff, and $1638.13, which the court adjudged the co-partnership to be indebted to defendant, Householder. And the decree required the receiver to report his disbursements to the court at another time. From this decree the plaintiff has appealed.

On this hearing, Householder, appellee, has interposed a motion to dismiss, on the ground that appellant before the appeal had accepted the full amount to which he was entitled under the decree complained of, and had thereby waived and released all error, if any, in said decree. The proof offered on this motion shows, and the fact is conceded, that on February 9, 1911, the special receiver, pursuant to the decree, paid over to appellant, $244.07, and took from him a receipt, describing the sum received as "my share of the proceeds in his hands as per decree of Dec. 30, 1910;" and that the special receiver at or about the same time also paid to appellee, Householder, $605.76, being his distributive share, according to said decree. It is a proven and admitted fact, however, that on January 3, 1911, the spe-

cial receiver was notified by appellant's counsel of his intention to apply for this appeal and *supersedeas,* and to not pay out any money under the decree to Householder. The special receiver in disbursing this money claims to have acted on the advice of the judge of the court pronouncing the decree, given by letter, which he produced and filed with his deposition.

Should the motion prevail? We answer that it should, unless the case is brought within a well recognized exception to the general rule upon which the motion is based. In *McKain* v. *Mullen,* 65 W. Va. 558, the general rule was applied in a case in which it was clearly applicable. The rule with the exception was there clearly enunciated in the first point of the syllabus, as follows: "A party who accepts the benefit of a decree waives his right to appeal from that decree, unless he is so absolutely entitled to the benefit received that a reversal will not affect his right to it." The leading case on this question is *Embry* v. *Palmer,* 107 U. S. 8, reaffirmed in *Reynes* v. *Dumont,* 130 U. S. 394, and *Gilfillan* v. *McKee,* 159 U. S. 303. The language of Mr. Justice Matthews, in *Embry* v. *Palmer,* enunciating the rule and its exception, particularly applicable here, is as follows: "Without entering upon a discussion of the general question, it is sufficient for the present purpose to say that no waiver or release of errors, operating as a bar to the further prosecution of an appeal or writ of error, can be implied, except from conduct which is inconsistent with the claim of a right to reverse the judgment or decree, which it is sought to bring into review. If the release is not expressed, it can arise only upon the principle of an estoppel. The present is not such a case. The amount awarded, paid, and accepted constitutes no part of what is in controversy. Its acceptance by the plaintiff in error cannot be construed into an admission that the decree he seeks to reverse is not erroneous; nor does it take from the defendants in error anything, on the reversal of the decree, to which they would otherwise be entitled; for they cannot deny that this sum, at least, is due and payable from them to him. But in every point of view the objection is met and answered by the decision of this Court in the case of *United States* v. *Dashiel,* 3 Wall. 688."

This exception to the general rule was fully recognized and applied in the Virginia cases of *Morriss* v. *Garland,* 78 Va. 215,

234, and *Railway Company* v. *Glenn,* 98 Va. 309. The case of *Carpenter* v. *Camp Mfg. Co.,* 70 S. E. 496, is a case to which the general rule was properly applied, and is not to be regarded as overruling the previous decisions in Virginia, and to which no reference is made.

While this exception to the general rule is generally recognized, there is naturally some apparent conflict in the decisions, in its application to individual cases. In some states, as in Indiana, the subject is controlled by statute. Elaborate notes collating the cases are found in 29 L. R. A. 1, appended to the report of our case of *McKain* v. *Mullen, supra,* and in 16 Am. & Eng. Anno. Cases, 76, accompanying the report of the Mississippi case of *Adams* v. *Carter.* In stating the exception to the general rule the anotator in the last case cited, at page 82, says: "It has been held, however, that where a party recovers judgment for less than his demand, but the relief from which judgment is rendered is not in dispute, and in no event could he recover less upon a new trial, acceptance of satisfaction of the judgment is not a bar to an appeal."

Such being the exception to the general rule, we are left to inquire whether appellant, in the language of our case of *McKain* v. *Mullen,* was so absolutely entitled to the benefit received, that a reversal will not affect his right to the amount paid him under the decree? While some of the items in appellant's account were controverted before the commissioner most of them were admitted, and agreed with the items in the book kept by Householder, the managing partner, and there was no exception by Householder to the commissioner's report finding the firm indebted to appellant the sum of $661.42, the amount decreed him.

So far as appellee is concerned, therefore, we must accept the amount found and decreed appellant as a verity, not to be reduced because of any of his contentions before the commissioner, as to individual items in the account not excepted to, for no errors of law or fact therein have been assigned here on his behalf.

How is it with reference to the amount found and decreed Householder? He interposed no exceptions to the commissioner's report in his favor, and has pointed out no error therein in

this Court. He does not seriously claim that the report in his favor should have been larger. The truth is, as the record shows, the commissioner allowed him in effect the entire amount of his claim, and upon practically no evidence to support it. Every item in his account was controverted before the commissioner, and full proof called for. And by exceptions to the commissioner's report every item in the account was challenged in the court below, and those exceptions are relied on here and the rulings thereon assigned as error.

If these exceptions should prevail the amount to which Householder is entitled would be greatly reduced, and the appellant's distributive share in the net assets greatly increased, but the amount he was paid could in no way be diminished thereby, and the exception to the general rule would therefore be clearly applicable. The items in Householder's account upon which the report and decree are based are as follows: Capital advanced, $1,080.00; Salary, twenty months, $1,000.00; Amount paid Frankford Store Company, $87.13, total $2,167.13. Against these items the commissioner charged Householder with expenses to Pennsylvania, $29.00, incidental expenses, twenty months, $500.00, leaving a balance due him, $1,638.13.

Respecting appellant's exception to the first item, money advanced, $1,080.00, barring two small items conceded by appellant, namely $30.00, for the first month's rent, and $32.50, paid by Householder for a counter, there is absolutely no evidence to support this item, except the bare general statement of Householder, that from time to time he advanced sums aggregating this amount. But with the exception of the two items referred to he could not and did not give a single date, or the amount, or to whom a single payment was made, and he was wholly unsupported by any receipt, voucher, bill or other documentary evidence. He kept the books, such as were kept, and he admits he made no entry whatever of any payment or advancement by him. He says he kept an individual bank account, but produces no check or other voucher showing any disbursements out of his individual account. The testimony of the appellant is, that Householder represented that he had no money to go into the business, and for this reason applied to him as a man of substance and property to finance the enter-

prisc. Householder makes some pretension to having paid for some fixtures, but the bank account of the firm, and the testimony of both parties show, that a few days after the business was opened appellant Gay raised upon the company's note, with his individual endorsement, $500.00, which was placed to the company's credit, and Gay swears that this money was used to pay for fixtures, and that he knows of no advancements by Householder, and that Householder never pretended until after he called for a settlement that any other advancements had been made by him. The commissioner in reporting this amount as an advancement by Householder says, that because of lack of evidence, he does so with hesitation. Our opinion is that he erred in so reporting. Men should not be deprived of their rights and property upon such flimsy evidence.

If this were a suit by Householder against Gay for a settlement of the partnership, without assets for distribution, and seeking to compel Gay to account on final settlement for his share of the advancements by Householder, we would have a case for the application of the principle enunciated in *Hinkson* v. *Ervin,* 40 W. Va. 111, *Ryman* v. *Ryman,* 100 Va. 20, 40 S. E. 96, and *Slaughter* v. *Danner,* 102 Va. 270, 46 S. E. 289. Should not Householder's claim against the firm be so treated? We think so. Our case holds the burden is on the plaintiff, and if he cannot furnish sufficient evidence to establish a partnership, and also to enable the commissioner to state a partnership account, his suit necessarily fails. But the case is different where the partnership has assets, and the managing partner, whose duty it was to keep the books, and to keep correct accounts, is sued by the other partner. The managing partner cannot defeat the rights of his co-partner to a settlement and a proper distribution of the assets by failing to keep his accounts. In this case the facts proven by both parties clearly constitute a partnership. The court below and the commissioner so treated it. It was clearly the duty of the defendant to have kept the books correctly, and to have rendered an account to the plaintiff. The commissioner had little difficulty in making up the account of the plaintiff, and showing what balance the firm owed him. Why should the defendant not have kept his own account correctly; and on what prin-

ciple can we justify the finding of the commissioner and the decree below, that the firm is indebted to Householder for this large item of advancements? We can see no justification for so doing.

Now as to the salary item. There is substantial agreement between the parties as to what the original contract of co-partnership was, and that not a word was then said about salary. Householder makes some pretension that afterwards something was said by him to Gay about salary, but Gay denies this. He swears that Householder thought when they made the contract that as he was to finance the enterprize, and furnish the stock or capital to run it, an equal share of the profits would be fair compensation. It required considerable capital to furnish the live stock and keep the business stocked up with meat and other articles dealt in, besides the tii ie required of Gay in doing so. The general rule is well established, that one partner is not entitled to compensation for his services in attending to partnership affairs, unless there be a contract therefor, express or implied. *Forrer* v. *Forrer*, 29 Grat. 134; *Roots* v. *Mason City*, 27 W. Va. 483; *Taylor* v. *Dorr*, 43 W. Va. 351; *Frazier* v. *Frazier*, 77 Va. 775; *Scott* v. *Boyd*, 101 Va. 28; *Smith* v. *Brown*, 44 W. Va. 342, 30 S. E. 160; *Hyre* v. *Lambert*, 37 W. Va. 26, 16 S. E. 446. No express agreement is proven, and we cannot say, on the facts proven, that one is implied.

The finding of the commissioner that Householder should be debited with incidental expenses for twenty months, $500.00, or at the rate of $25.00 per month for twenty months, he admits was based upon no data or evidence before him, upon which he could find the amount with any certainty. Householder admits in his evidence that he withdrew money from the firm from time to time to pay his board and other expenses, and that he kept no account of it, and did not debit himself with the sums so withdrawn. The commissioner no doubt concluded from such evidence as he had that these sums could not have aggregated less than $25.00 per month. There was no exception by either party to this finding, and upon well recognized rules of procedure we are disposed to let it stand as debited to Householder; surely his expenses were not less than this sum.

As to the item, $87.13, paid Frankford Store Company, the commissioner reports this item as undisputed. But appellant excepted to his report for allowing it, and he insists upon this exception here. The ground for the exception is that if Householder paid this item he should have produced the receipt of the company or his check showing payment. Inasmuch, however, as Householder swears he paid this item, and it is definite and specific as to whom and the amount paid, and if not paid, evidence of its non-payment could likely. have been produced, we think the exception was properly overruled, and that he was properly given credit therefor.

Another assignment of error is the allowance to John Wallace, expert accountant, $20.00, for work done on the firm's books, and in making up the account. We are not disposed to disturb this item. True Householder should have furnished the account without assistance of an expert accountant, but it was a proper expense incurred by the commissioner or receiver, and we think the item was a proper disbursement of the firm assets.

We are therefore of opinion to overrule the motion to dismiss, and to reverse the decree below in so far as it overrules the exception of the appellant to the report of the commissioner, for allowing Householder the item, capital advanced $1,080.00, except as to two items included therein, $30.00 paid for rent, and $32.50, paid for a counter; and also in so far as it overrules appellant's exception to the item, twenty months salary, $1,000.00, but that in all other respects the decree should be affirmed.

The cause will, therefore, be remanded to the circuit court with directions to restate the account of the appellee Householder upon the principles herein enunciated, by crediting him with the two items, rent paid $30.00, and paid for counter $32.50, and amount paid Frankford Store Company, $87.13, and by charging him with cash paid expenses to Pennsylvania, $29.00, and incidental expenses for twenty months, withdrawn, $500.00; and after so debiting and crediting him, and crediting him with his share of the surplus assets, after he shall have restored the money received by him from the special receiver as his share of the assets, there shall be a decree over against him for

whatever balance shall be found due from him on settlement in favor of appellant. But the cause is not to be reopened for additional evidence on the matters in controversy before the court or commissioner.

*Affirmed in part. Reversed in part.*