## Wytheville.

### CLARKE'S ADMINISTRATOR V. CLARKE AND OTHERS.

#### June 12, 1919.

1. PARTNERSHIP—*Accounting—Failure to Keep Accounts — Relief in Equity.*—It is the duty of each partner to keep a correct account of his transactions. Where a partner fails in this regard, he will be held to the strictest account, and every reasonable presumption will be made against him. Where there is a dispute in regard to partnership matters, and either party or both parties have been so negligent as to lose the evidence of the partnership, and have kept their accounts in such a confused way that the court cannot see what decree would do justice between the parties, the court will be unable to make a decree at all, and will dismiss the bill. There is no duty devolving on a court of equity to assume the impracticable task of adjusting the relative rights of partners when the proof is utterly deficient and inconclusive.

2. CHECKS—*Implication that Check is Given in Payment of Debt.*—In the absence of evidence to the contrary, the rule in this State is that a check, standing alone, implies that it is given in payment of a debt previously existing or created at the time of the drawing of the check.

3. WITNESSES — *Transactions with Deceased Persons — Deceased Partner.*—In a suit arising out of a dispute between partners, the commissioner to whom the cause was referred to settle the partnership accounts took the deposition of one partner as to the partnership transactions after the death of the other partner.

   *Held:* That this testimony should have been excluded.

Appeal from a decree of the Circuit Court of Culpeper county. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Hiden & Bickers,* for the appellant.

*Grimsley & Miller* and *E. E. Johnson,* for the appellees.

PRENTIS, J., delivered the opinion of the court.

John H. Clarke instituted his suit in equity to enjoin the prosecution of two actions at law against him, one brought by the Clarke Hardware Company for the benefit of R. Taylor Clarke, its assignee, and the other by W. D. Clarke & Brother. The allegations of the bill are indefinite, but among other things it avers that John H. Clarke and his brother, R. Taylor Clarke were partners engaged in the manufacture and sale of brick under the name and style of Culpeper Brick Company; that on September 1, 1912, R. Taylor Clarke retired from the partnership and John H. Clarke assumed the debts and took the assets of the firm There was a written contract, which has been lost. John H. Clarke having failed to pay these debts the actions at law above referred to were instituted. The bill also alleges that John H. Clarke was more particularly engaged in looking after the actual management of the concern, while R. Taylor Clarke "handled almost exclusively the financial management of the business;" that he, the complainant, believed that appellee was indebted to the Culpeper Brick Company in a large sum, but that the books, papers and vouchers had been so carelessly and negligently kept by the appellee that it was impossible for him (John H. Clarke) to ascertain the amount of debts due by R. Taylor Clarke and W. D. Clarke & Brother to the Culpeper Brick Company. The injunction was awarded and the cause referred to a commissioner to settle the accounts. The commissioner reported the sums withdrawn by the two partners, and it appeared that John H. Clarke had withdrawn more than R. Taylor Clarke, but that he was unable, because of the condition of the books, to ascertain the state of the accounts between the parties.

This report was excepted to by John H. Clarke, and after his death by his administratrix; the exceptions were sustained, and the cause recommitted to the commissioner "to allow the complainant further time to produce evidence before the said commissioner to sustain the matters claimed by her in this said cause, and to restate and reform the said report in accordance with whatever evidence, if any, that may be produced before him by the next term of court." The commissioner again reported his inability to ascertain from the books or otherwise the true state of the account between the parties. He reported, however, that the amount due by the Culpeper Brick Company to the Clarke Hardware Company was as claimed in the action at law, and that the debt claimed by W. D. Clarke & Brother was entitled to a certain credit.

This result is, of course, not surprising, because John H. Clarke lived from September 1, 1912, the date on which the partnership was dissolved, until a date between April 24, 1916, and December 19, 1916, and he, during that period of three and a half years, according to the record, was never able to indicate with any certainty anything except his belief that R. Taylor Clarke owed the Culpeper Brick Company some indefinite amount of money. All the books, papers and available evidence were indicated to the learned counsel who represented him, and he, as he testifies, was never able to ascertain from the books and papers or otherwise just how the accounts stood between the parties.

[1] In *Ryman* v. *Ryman*, 100 Va. 20, 40 S. E. 96, this is stated: "It is the duty of each partner to keep a correct account of his transactions. Where a partner fails in this regard, he will be held to the strictest account, and every reasonable presumption will be made against him. Where there is a dispute in regard to partnership matters, and either party or both parties have been so negligent as to lose the evidence of the partnership, and to keep their ac-

counts in such a confused way that the court cannot see what decree would do justice between the parties, the court will be unable to make a decree at all, and will dismiss the bill. Bates on .Partnership, secs. 313, 909; 2 Lindley on Partnership, 809; 1 Barton's Ch. Pr., sec. 29; *Foster's Curator* v. *Rison,* 17 Gratt. (58 Va.) 321; *Rick* v. *Neitzy,* 1 Mackey (12 D. C.) 21; *Hall* v. *Clagett,* 48 Md. 223. In the case last cited it is said that, if there has been a total failure to keep accounts, it affords a good reason for a court of equity to decline to supply them without a sufficient reason or excuse for the omission. A court of equity will not grope its way in utter darkness and undertake to create and establish a claim. upon mere contingencies, or the preponderance of mere possibilities or probabilities. There is no duty devolving on it to assume the impracticable task of adjusting the relative rights of partners when the proof is utterly deficient and inconclusive." *Slaughter* v. *Danner,* 102 Va. 270, 46 S. E. 289, announces the same doctrine.

In *Lewelling* v. *Lewelling,* 110 Va. 761, 67 S. E. 362, the authorities are collected and this is quoted from *Slater, Myers, & Co.* v. *Arnett,* 81 Va. 432: "As the partnership transactions cannot be settled upon any basis at all rational now, the books being so badly kept as to be worthless, and there being no evidence produced by either side upon which the court could proceed towards any rearrangement of the affairs, what can be done except to leave them as the brothers did when both were living and arranging their business between themselves."

[2] It is claimed, because certain checks of the Culpeper Brick Company have been found which do not appear upon the books, that therefore these must be charged against R. Taylor Clarke. In the absence of evidence to the contrary, the rule in this State is that a check, standing alone, implies that it is given in payment of a debt previously existing or created at the time of the drawing of the check.

*Terry* v. *Ragdale,* 33 Gratt. (74 Va.) 342; *McVeigh* v. *Chamberlain,* 94 Va. 77, 26 S. E. 395.

[3]   When the report was recommitted to the commissioner, after the death of John H. Clarke, the commissioner took the deposition of R. Taylor Clarke as to the partnership transactions. The appellant objected to the introduction of this testimony upon the ground that John H. Clarke, the other party to the transactions, was dead. This exception should have been sustained. It is proper to say that this testimony shows, if true, that R. Taylor Clarke is not indebted to the appellant. With this testimony excluded, as it must be under the existing Virginia statute, the complainant is as much without evidence to sustain his claim as he was when he alleged in his bill, that "because of the hopeless tangle in which the affairs of this company have been gotten, he has been unable to arrive at any correct or satisfactory statement, or to ascertain what is the amount due by the said R. Taylor Clarke and the said W. D. Clarke & Bro. to the said Culpeper Brick Company, or to your complainant as the successor of the same."

The commissioner, the trial court and this court are equally unable to ascertain the existence of any such indebtedness, and therefore the decree will be affirmed.

*Affirmed.*