## JAMES AUSTIN vs. BERRY & MEIGS.

A executed a note to B for the balance found due on settlement of accounts, and B at the same time agreed that if it should afterwards appear he had received any articles of A for which he had not given credit in the settlement, he would endorse the value thereof on the note he had taken of A. It afterwards appearing that A had delivered to B certain articles which were not included in the settlement, an action of *book account* was brought by A against B to recover the value; and it was held that such action would lie. It did not appear that B had offered to apply the amount of the unsettled account on the note, nor that he had been required to do so.

This was an action of *book account* in which there had been a judgement to account, and an auditor appointed to adjust the claims of the parties, who had made his report to the county court where the action was pending. From this report it appeared that the defendants had made a contract with the plaintiff to deliver to them an indefinite number of saw-logs; that in pursuance of said contract they had received from him a quantity of logs, and had undertaken to keep an account of the number delivered, and that the plaintiff, relying wholly on the accuracy of the defendants' books, did not keep any account of the logs which he delivered to the defendants. It also appeared that some time after the logs were delivered, the plaintiff and *Berry*, one of the defendants, made a settlement of the accounts between the defendants and the plaintiff, and also between *Berry* and the plaintiff, and in the course of the settlement they examined the books of the defendants on which they kept an account of the logs drawn to their mill, and found that twenty-four had been credited to the plaintiff. The value of these was allowed to him, and he executed a note to the defendant, *Berry*, for $26,73, being the balance found due, and the books were accordingly settled. It appeared that at the time of the settlement the plaintiff claimed more logs than the defendants had credited to him, and that *Berry* agreed, that if it could be afterwards shown the plaintiff had delivered any logs which had not been accounted for, they should be applied on the note. It was afterwards ascertained from the defendants' books that there had been six logs delivered by the plaintiff which were not included in the settlement. To recover for these six logs, it seems, the present action was brought. The defendants contended, before the auditor, that the settlement above mentioned was a bar to the action on *book account*, and that if any action would lie, it must be an *action on the case*. But the auditor decided that there had been only a partial settlement, and that the action on book account would lie to recover for what had been omitted in the settlement; and also that the settlement could not

be pleaded in bar after judgement to account. The auditor, there-
fore, reported that the plaintiff recover the sum of $2,50, be-
ing the value of the six logs which had been omitted in the settle-
ment.

The defendants objected to the acceptance of the report, but
the objections were overruled, and the report accepted. On mo-
tion of the defendants' counsel, the case was reserved for the opin-
ion of the Supreme Court.

After argument, the opinion of the court was delivered by

WILLIAMS, J.—The auditor, to whom the book accounts of the
parties were referred made a report in favor of the plaintiff, to
which exceptions were taken, and the county court accepted the
report and rendered judgement thereon for the plaintiff. On the
facts found and stated by the auditor, he decided that the ac-
counts between the parties were not settled ; that an action on
book could be maintained to recover the articles charged by the
plaintiff, and further, that if the accounts were settled, that fact
should have been pleaded in bar to the action.

The last decision was altogethersuperfluous; for if the accounts
were not settled, and the auditor, it seems, was of that opinion,
after hearing the evidence, it was unnecessary to decide what
course the party should have taken if the accounts were settled.
The decision of the auditor on this point, however, was erroneous,
and if the account of the plaintiff had been settled, and he had
received his pay, the auditor should have reported for the defen-
dants.

The decision of the auditor, that this account was not settled,
appears to have been correct from the facts set forth. The ac-
count of the plaintiff never was adjusted or settled. So much of
his account as was credited by the defendants on their books was
adjusted, and was passed to his credit. There was a claim at the
time set up by the plaintiff for some logs which were not credited,
and it was agreed,that if it could be shown there were any logs not
then accounted for, the value of them should apply on the note
then executed by the plaintiff to *Berry.* The articles charged,
for which this action is brought, were omitted in the settlement,
which the parties made of their other dealings, and remained to
be accounted for by the defendants.

The proper remedy for the recovery of the price of those ar-
ticles thus omitted in the settlement, is by action on book. The
plaintiff's claim for all the articles delivered the defendants was

FRANKLIN,
January,
1830.

Austin
vs.
Berry et al.

originally on book, and it is difficult to find any satisfactory reason why the nature of his remedy should be changed in relation to this part of his book account, because he has received pay or satisfaction for the residue.

If the defendants had endorsed, or offered to endorse, the amount of this acount on the note given by the plaintiff to *Mr. Berry*, it would have presented a different question, but no such fact is found by the auditor.

> The judgement of the county court is affirmed.

*Brown*, for the plaintiff.

*N. L. Whittemore*, for the defendants.