LUTHER DARLING *vs.* CALEB F. HALL.

FRANKLIN,
January,
1833.

A charge on Book, omitted by mistake in a settlement between the parties may properly be carried to a new account, and in an adjustment of their sub-sequent deal it would be the duty of the auditor to allow it if just, notwithstanding the settlement.

This was an action on Book, in which the Auditors reported a small balance due the plaintiff. The defendant took exception to the report in the County Court, but that Court overruled the exception, and rendered judgment on the report. Whereupon the defendant took exception to their decision, and brought the matter before this Court.

The only question, worthy of notice arose out of a charge in the plaintiffs account, of a quantity of corn, which the auditor disallowed, but reported with respect to it, that it was delivered by the plaintiff to the defendant, but prior to a settlement of all book accounts, which had intervened between the delivery and the subsequent account, to recover which the action is brought. They also found, that the corn had never been accounted for. The County Court reversed their decision with respect to this item, and allowed the charge.

*Hunt and Beardsley for the defendant,* insisted, that this charge could not be recovered in an action on book, but that the party was driven to his special action on the case. That, although the charge might have been omitted by mistake, yet a recovery in this form of action, was barred by the settlement. They cited Kirby's Rep. 127; 2 Conn. Rep. 481.

*H. E. Hubbell, contra,* contended, that a party is not precluded from charging on book, that which is a proper subject of book charge, notwithstanding there has been a settlement on book between the parties if such item was omitted in the settlement. He cited Austin *vs.* Berry et al 3 Vt. Rep. 58.

PHELPS, J.—The fact that a settlement had intervened, subsequent to the delivery of the corn, creates a presumption that the charge has been accounted for. Yet that presumption may be rebutted, and it seems in this case it

FRANKLIN,
January,
1833.

Darling
vs.
Hull.

was so. There is nothing certainly in the nature of an adjustment of Book Accounts, which operates to bar a claim not brought into the adjustment. If then the presumption of fact is removed, the claim remains unaffected by the settlement; and if the party have any remedy, it is difficult to conceive why he is not entitled to that which was originally the appropriate one.

This is no more than the common case of an item omitted in posting, which is very properly carried to a new account. Where the account continues to run between the parties, as in this case, there seems to be no reason why an omitted item may not be adjusted in it. Had there been no further account between the parties, the case might perhaps be different.

The case of Austin vs. Berry, appears to us in point.—The agreement in that case originated perhaps in a supposition, that without it, the settlement would bar every remedy. At all events the effect of that agreement would only be to save the right of the party, without reference to the remedy. Aside of that agreement the cases are parallel.

The danger to be apprehended from relying on the party's own oath, is no greater than what is every day experienced, in the great latitude already given to this species of testimony. The question whether it shall be removed rests with the Legislature, but under the existing law, the only safeguard is in the caution and sagacity of triers.

Judgment affirmed,