[Filed April 9, 1889.]

ASHLEY, RESPONDENT, *v.* WILLIAMS, ADMINISTRATOR OF MILLER, APPELLANT.

PARTNERSHIP ACCOUNTING — BURDEN OF PROOF. — In a suit for a partnership accounting, where there are issues as to the existence of the partnership and the state of its affairs and business, or the state of the accounts between the partners, the burden of proof is on the plaintiff; and if he cannot furnish sufficient evidence to enable the court to state a partnership account, his suit necessarily fails to that extent.

PARTNERSHIP ACCOUNTING — FAILURE OF PROOF. — In such case, if necessary to close up the business, the court will determine that the accounts are closed, and that neither party shall recover anything against the other on

account thereof, and that the property of the firm be sold, and after paying the costs, the proceeds be divided according to the interests of the members of such firm.

APPEAL from Multnomah County.

*Williams & Williams,* for Appellant.

*Watson, Hume, & Watson,* for Respondent.

STRAHAN, J. — This is a suit to dissolve a partnership, and for an accounting. The plaintiff had a decree in the court below, from which the defendant has appealed. Pending the appeal the defendant died, and his administrator was substituted. The existence of the partnership is denied, and that question presents the principal contention. A great deal of evidence was submitted on each side, which we have carefully considered; but it is impossible to determine from this evidence, so as to leave the mind satisfied with the result, whether a partnership existed between these parties or not. But inasmuch as the referee and the court below both found that there was a partnership, we have concluded not to change it. The existence of the partnership being established, it becomes necessary to inquire what relief shall be awarded. An accounting of some kind is always necessary upon a dissolution of a partnership, otherwise its affairs remain unsettled; but the court has no means of reaching a conclusion as to the true state of its affairs and business except from the evidence offered. And where there are issues as to the existence of the partnership, and the condition of its accounts and business, the burden of proof is on the plaintiff, and if he cannot furnish sufficient evidence to enable the court to state a partnership account, his suit necessarily fails. (*Maupin* v. *Daniel,* 3 Tenn. Ch. 223; *Nims* v. *Nims,* 1 South. L. Rev. 527; *Marvin* v. *Hampton,* 18 Fla. 131.)

In this case the only evidence submitted by the plaintiff on this point are the books kept by himself. They consist of an order-book and ledger. The first is a book in which orders for advertising, the business in which the firm was engaged, are noted, giving the length of time the advertisement is to be continued, and the rate per month to be paid for the service. The ledger is very unsatisfactory as a basis for an accounting, it is accompanied by no day-book or blotter, — and it is not perceived how it is possible, from an inspection of the ledger alone, for the court to declare the true state of the accounts between the parties. Turning to Miller's accounts in the ledger, he stands charged with $980.52 overdrawn by him, and the plaintiff claims that one half of this sum is due him on this accounting at all events; but a reference to the evidence as well as the ledger will show that the plaintiff withdrew from the business $1,364.75, which he applied in payment of his board, $296 for room-rent, and $1,832.47 for other expenditures outside of the firm's business. None of these items are charged to the plaintiff, and the evidence shows many smaller ones which he also failed to charge to himself. Such a method of book-keeping is too unreliable to be the basis of an accounting at the suit of the party keeping the books. But it is useless to enter into an examination of the items. The sums drawn out by the plaintiff and not charged to himself are enough to cancel the charge against the defendant several times.

Owing to the impossibility of reaching a satisfactory conclusion as to the true state of the accounts between these parties, we have determined to direct that they be adjudged settled and closed, and that neither take or recover anything as against the other; that the lease of the use of the Multnomah Street Railway Company's cars for advertising purposes, together with the good-will of the

business, and all other property and effects of the partnership, be sold, and the costs of this suit be first paid from the proceeds, next the firm's debts, if any, and the residue be equally divided between the parties.