FAYETTE I. FOSS, APPELLEE, V. JAMES W. DAWES, AP-
PELLANT.*

FILED NOVEMBER 2, 1904.   No. 13,610.

1. Contribution for payment of partnership debts cannot be enforced
   until there is a final settlement of all the affairs of the partner-
   ship.

2. Evidence examined, and *held* insufficient to show a final settlement
   of partnership affairs.

APPEAL from the district court for Saline county:
GEORGE W. STUBBS, JUDGE.   *Reversed with directions.*

*Robert Ryan,* for appellant.

*Fayette I. Foss, W. G. Hastings* and *R. D. Brown,*
contra.

OLDHAM, C.

In November, 1879, James W. Dawes and Fayette I.
Foss entered into a partnership, and, as such, engaged in

* Rehearing denied. See opinion, p. 611, *post.*

the "law and loan" business at Crete, Nebraska. On May 12, 1890, plaintiff Foss began an action in the district court for Saline county for a dissolution of the partnership and a winding up of its affairs. From the record before us it appears that a receiver was appointed, and that the matter of the indebtedness of the partners to the partnership was referred to Judge Broady, who, as referee, reported that the defendant was indebted to the partnership in the sum of $25,912.20, and plaintiff was indebted to the partnership in the sum of $20,782.27. This report was filed on May 19, 1892, and was confirmed by the court on June 1, 1892. Claims in excess of $60,000 were filed with the receiver by the creditors of the partnership. This original suit is still pending. On January 17, 1900, the plaintiff filed a supplemental petition, in which he sets forth numerous items which he alleges he has paid for and on behalf of the partnership, and asks judgment against the defendant for contribution. There was an answer, denying liability on the items, a plea of former adjudication and the statute of limitations. A trial was had that resulted in a judgment against the defendant, from which he appeals to this court.

The main contention presented in this court is that "no action at law or in equity lies in favor of one partner against another, founded upon partnership transactions, until there has been a settlement of all indebtedness of the partnership with its creditors"; or, in other words, one partner cannot have contribution from the other before final settlement of all partnership business. This proposition is obviously sound, for the amount which the one partner is entitled to, if anything, cannot be known until the partnership affairs are settled. Hence, the relation of debtor and creditor between partners does not arise until the affairs of the partnership are wound up and a balance struck. Such balance is to be struck after all partnership affairs are settled, and not while they are being wound up. *Gleason v. White*, 34 Cal. 258; *Simrall v. O'Bannons*, 7 B. Mon. (Ky.) 608; *Lower v. Denton*,

42

9 Wis. *268; *Austin v. Vaughn*, 14 La. Ann. 43; *Oglesby v Thompson*, 59 Ohio St. 60; *Ashley v. Williams*, 17 Ore. 441; *Hall v. Clagett*, 48 Md. 223; *Slater, Myers & Co. v. Arnett*, 81 Va. 432; *Stanberry v. Cattell*, 55 Ia. 617; *Hill v. Beach*, 12 N. J. Eq. 31. This is conceded by the appellee. In his brief, on page 5, he says: "But contribution for payment of partnership debts is not enforced till final settlement." The record in this case does not show a final settlement. There was a receiver of this partnership estate with whom were filed numerous claims against the partnership, which were allowed. A number of these claims are included among the items of the supplemental petition, but, on the other hand, there are many—amounting to over $15,000 —which are not so included. There is nothing in the pleadings or in the evidence that purports to show that this hearing was on or after final settlement, but, on the contrary, the evidence shows it was not. The plaintiff, on cross-examination, testified as follows:

Q. What was the amount of the claims filed against the estate? How much was the aggregate amount?

A. I cannot tell you exactly; the record shows.

Q. You do not know how much is unpaid?

A. I do not.

Q. Do you know how many creditors there were?

A. I cannot tell you that. I know that the most of them have been paid and there is a little that is not yet wiped out, but I cannot tell how much.

In *Oglesby v. Thompson, supra,* the court said:

"It is always the duty of a court in a suit for an account to state it, if possible, from the evidence offered; but, if this is not possible according to the rules by which issues of fact are determined, it can do but one thing—dismiss the action for an account. An ascertainment of the state of the accounts is a necessary predicate to the rendition of any judgment in favor of the plaintiff."

In the judgment appealed from is the finding: "Court finds that all partnership debts are paid or barred by the statute of limitations." This finding is based upon noth-

ing, neither pleading nor evidence, and it is difficult to understand upon what theory it was interpolated in the record. If, as a matter of law, the learned trial court concluded that the claims were barred by reason of the lapse of time from the filing thereof, it was wrong. These claims, when allowed by the court, are, in effect, judgments against the partnership assets, and the statute of limitations does not *begin* to run against them so long as the suit into which they were brought is pending.

There are some other questions presented by the record, but, as the one discussed disposes of the case, it would serve no useful purpose to investigate them now.

We therefore recommend that the judgment of the district court be reversed, with directions to dismiss plaintiff's supplemental petition.

Ames and Letton, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, with directions to dismiss plaintiff's supplemental petition.

Reversed.

The following opinion on motion for rehearing was filed February 22, 1905. *Motion denied:*

Per Curiam: It is ordered and adjudged that the order heretofore entered directing the dismissal of the plaintiff's supplemental petition be vacated and set aside, and that the judgment be reversed, and the cause be, and hereby is, remanded to the district court for further proceedings not inconsistent with the opinion heretofore filed in this case.

It is further ordered that the motion for a rehearing be, and the same hereby is, overruled.

Motion denied.