HUBBARD, Respondent, vs. FERRY, Appellant.

*October 29—November 12, 1909.*

*Partnership: Transfer of interest in "stock, fixtures, and accounts"
does not include liability of embezzler: Apportionment of sum
recovered: Evidence: Burden of proof: Hearsay.*

1. A bill of sale by which one partner transferred to the other all
   his interest in the "stock, fixtures, and accounts" of a going
   retail business did not cover the liability, then unknown and
   unsuspected, of an employee to the firm for property or moneys
   embezzled, or convey any interest in the amount afterwards
   collected upon a settlement with such employee, whether that
   amount be considered as reimbursement, as damages, or as a
   price of immunity from prosecution.
2. The vendee in the bill of sale having been the active manager of
   the business, and having continued it after such sale, and hav-
   ing received the amount collected from the embezzler in ad-
   justment of a liability in part to the firm and in part to him-
   self on account of embezzlements extending through a period
   both before and after the dissolution, the burden was primarily
   upon him, in an action for an accounting, to show what part
   belonged to himself as distinguished from that which belonged
   to the firm.
3. An apportionment of the amount collected in such case equally
   over the whole period of the embezzler's employment, both by
   the firm and by the partner continuing the business, is *held* to
   be sustained by the evidence.
4. Admissions by the embezzler to both parties, prior to the settle-
   ment, that the embezzlements had extended over the whole pe-
   riod of his employment, even if not competent evidence of the
   fact of embezzlements during the term of the partnership, are
   evidence tending to show that the settlement was made on the
   basis of embezzlements extending through that time, and that
   the amount collected belonged in part to the firm.

APPEAL from a judgment of the circuit court for Eau
Claire county: JOHN K. PARISH, Judge. *Affirmed.*

Plaintiff and defendant were equal partners in a retail
jewelry business from October 1, 1900, until March, 1906,
defendant being the active manager of the business, and

plaintiff, who was a practicing lawyer, taking no part therein. At the latter date plaintiff sold out to the defendant, giving him a written bill of sale conveying all his interest in the "stock, fixtures, and accounts." Defendant continued the business under the same name of J. G. Ferry & Co. Throughout most of the partnership period and subsequently, one Jackson, a jeweler, watchmaker, and engraver, was employed as substantially the only assistant in running the business. In March or April, 1907, the defendant became suspicious of Jackson and consulted with the plaintiff in regard to steps that might be taken to discover any peculations of his and to recover from him, defendant claiming that he so consulted plaintiff as an attorney at law, and plaintiff claiming to have understood that he consulted with him as a former partner interested in the recovery. Various suspicious circumstances having been discovered, defendant confronted Jackson with the charge and obtained from him a confession that he had been embezzling property and money and that such embezzlement had extended not only through the year after defendant had bought out plaintiff, but for a somewhat indefinite time prior thereto. Defendant obtained from him a return and surrender of certain property and $1,000 in money, all of which the court found to amount to $1,600, and gave an acquittance signed by firm name after protest against one with his individual signature. He refused to account to plaintiff for any part thereof, except a reasonable attorney's fee.

This action was brought praying reformation of the bill of sale from plaintiff to defendant so as to exclude any rights against Jackson which plaintiff might have, and to require defendant to account for one half of any sums received by him in compromise of Jackson's liability to the firm. The court decided in plaintiff's favor, holding that the bill of sale should be so reformed, and that the sum of $1,600 received by defendant must be apportioned equally over the whole period of Jackson's employment, both by the firm and afterwards by de-

fendant, and accordingly rendered judgment in favor of the plaintiff for $661.94 and interest from the time of the commencement of the action, from which judgment the defendant appeals.

For the appellant there was a brief by *Bundy & Wilcox,* and oral argument by *C. T. Bundy.*

For the respondent there was a brief by *Arthur H. Shoemaker* and *James Wickham,* and oral argument by *Mr. Wickham.*

DODGE, J. It is in our view unnecessary to discuss the propriety of the reformation of the bill of sale. We deem that action unnecessary and therefore immaterial. It would be doing great violence to the ordinary use of terms to consider a mere formal transfer of "stock, fixtures, and accounts" in a going retail business to include an unknown and an unsuspected liability of an embezzler of either the property or the moneys of the concern, and there is nothing amongst the surrounding circumstances to warrant extending the natural construction of the words of the instrument to such an extent. Whether the amount recovered from Jackson be considered as reimbursement, as damages, or as a price of immunity from prosecution, we are satisfied no interest therein was conveyed by this so-called bill of sale from plaintiff to defendant.

The correctness of the court's conclusion of fact from the evidence that this settlement covered assumed peculation and embezzlement during both the period of the partnership, when plaintiff would have had an interest in the property embezzled, and the succeeding period, when defendant was alone the sufferer, depends on the view taken of many and various items of evidence, on the resolution of many ambiguous and conflicting statements, and on the inferences to be drawn therefrom. This court does not sit to consider such questions originally. Even if we were satisfied that we should have reached a different conclusion from that of the trial court,

that of itself would not justify a reversal.   We have carefully and anxiously examined all this evidence, and we are unable to say either that there is any clear preponderance against the trial judge's findings or that there is no evidence which upon some reasonable construction and inference might support his conclusion.   Especially is this true with reference to the method of apportionment of the amount recovered, when we realize that after having found that the payment was made and received in adjustment of a liability in part at least to the firm, the duty fell upon the defendant, as the manager of an enterprise in which others were interested with him, to make full accounting, and the burden of proof was upon him primarily to furnish evidence upon which to ascertain the portion of the amount collected which pertained to his own private interests as distinguished from the joint interest of himself and plaintiff.   *Lessel v. Zillmer,* 105 Wis. 334, 338, 81 N. W. 403; *Somervaill v. McDermott,* 116 Wis. 504, 508, 93 N. W. 553; *Chaffee v. Conway,* 125 Wis. 77, 80, 103 N. W. 269.   For these reasons the judgment must be affirmed.

One contention of the appellant should perhaps receive special attention.   That is, that there was absolutely no evidence that Jackson was guilty of any embezzlement or misappropriation during the term of the partnership; that the only evidence offered on this subject was Jackson's admission made to plaintiff and defendant prior to the settlement or compromise, and that such hearsay declarations of a third party are not evidence.   Conceding, *arguendo,* that such admissions are not evidence of the fact of embezzlement, yet they constitute one of the surrounding circumstances under which defendant insisted upon the payment of a sum of money and under which Jackson yielded to such insistence and paid the sum which defendant in fact received.   They, therefore, being such a circumstance, tend to justify the inference of the trial court, embodied in the finding, that the settlement was made on the basis of uncertain embezzlements extending

throughout Jackson's employment, whether by the firm or by the defendant individually, and tend to justify the conclusion that the money received by defendant was in part at least, in the intention of the parties, due to invasions of the rights of the partnership.

*By the Court.*—Judgment affirmed.