DALBERT SIMPSON, APPELLEE, V. WILLIAM F. GERNANDT,
APPELLANT.

FILED MAY 1, 1915. No. 18087.

1. **Partnership: EXISTENCE OF PARTNERSHIP: PROOF.** In an action alleging a partnership and for a dissolution and accounting, the burden of proof is upon the plaintiff. If the existence of a partnership is denied by defendant, and there is no proof that any certificate of partnership has been filed, nor any account or inventory taken of the assets or liabilities of the business, and the defendant has paid all expenses of the business, and the plaintiff was connected with the business for only a few weeks, such circumstances tend to support the positive testimony of defendant that there was no partnership agreement between them.

2. ———: ———: **SUFFICIENCY OF EVIDENCE.** Under the circumstances shown by the evidence, it is considered that the unsupported testimony of the plaintiff is not sufficient to establish an oral agreement of partnership.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Reversed and dismissed.*

*W. H. Barnes* and *Berge & McCarty,* for appellant.

*Burr, Greene & Greene, contra.*

SEDGWICK, J.

In 1910 the defendant was engaged in business at Fairbury, Nebraska, as an architect. He considered that his business was getting to be rather more extensive than he could manage alone, and decided to obtain some competent man to join him and assist in the business. Through a mutual acquaintance a correspondence was started between the plaintiff and defendant, and the plaintiff came to Fairbury and went to work in the defendant's office. They had some conversation in regard to the matter, and it was agreed between them that the plaintiff, from the time that he began work in the latter part of January, should be paid $24 a week. The plaintiff testified that it was agreed that they should be partners in this business,

and at the end of a year these payments of $24 a week which he would have received were to be deducted from his one-half of the net proceeds of the business, and he was to be paid the remainder. The defendant denies that there was any agreement of partnership, and says that the agreement was that the plaintiff should continue in the work, and if at the end of the year he was satisfactory to the defendant as a partner he should have one-half of the net proceeds of the year's work, from which the $24 weekly payments should be deducted. The plaintiff had been working in the office of a firm of architects in Kansas City, and had a family and no means. The defendant assisted him in obtaining $150 to pay the expense of removing his family to Fairbury and establishing them in housekeeping. After the plaintiff had been in the office several weeks, the defendant prepared a memorandum of contract in accordance with the terms of their agreement, as testified to by him. This was not satisfactory to the plaintiff, and the defendant then told the plaintiff that he was discharged, and the plaintiff insisted that there was a partnership between them and he could not be thus discharged. Afterwards the plaintiff brought this action in the district court for Lancaster county, alleging that there was a partnership between them, and asking an accounting and judgment for $3,000, as the value of his interest in the partnership. There was a trial, finding and judgment in favor of the plaintiff, which was afterwards set aside and a new trial granted, and upon the second trial there was a finding and judgment for the plaintiff, and the defendant has appealed.

The plaintiff insists that the action is for an accounting of the partnership business and for dissolution of the partnership, and for judgment for the balance due plaintiff upon such accounting. The amended petition alleges that the defendant wrongfully excluded the plaintiff from the business, and continues: "Plaintiff alleges that the partnership business and property of which defendant took exclusive possession, as hereinbefore alleged, consisted of a contract with the board of county commissioners of

Phelps county, Nebraska, for the furnishing of plans and specifications for the erection of a courthouse at Holdrege, Nebraska; a contract with E. B. Woods for the furnishing of plans and specifications for the erection of a store building at York, Nebraska; a contract with the school board of Osceola, Nebraska, for the furnishing of plans and specifications for the erection of a school building; a contract with Dr. Brewer for the furnishing of plans and specifications for a store building at Beloit, Kansas; completed and partially completed plans and specifications for the erection of the above-mentioned buildings; and other contracts and plans and specifications and personal property which plaintiff cannot more particularly describe, for the reason that the defendant has exclusive possession thereof and denies plaintiff access thereto. The accounts, property and business of said partnership are of the value of more than $6,000 over and above all debts and liabilities, and the plaintiff is the owner of a one-half interest therein."

None of the contracts alleged in the petition was obtained or entered into while the plaintiff was connected with the business, nor was anything realized on any of them during that time, except about $80. There is no evidence of any receipts, or of any value of anything connected with the business, except the commissions that would accrue upon two of the contracts that defendant had obtained before the arrangement with plaintiff, if those contracts were completed. There is evidence that the expense of the business would be considerable, but no evidence as to the amount of such expenses, nor as to the liabilities of the business, either when the plaintiff began or when his connection with the business was ended. The plaintiff received $246 from defendant while rendering his services. There is no evidence from which it could be found that he would be entitled to any such amount upon accounting of assets and liabilities.

The plaintiff testifies that there was a partnership between them. His testimony as to the facts from which he derives that conclusion is directly contradicted by the de-

fendant, and in most particulars also by the defendant's wife. No certificate of partnership was filed as the statute requires. There was no account taken of the assets or condition of the business. The defendant paid all expenses, including the amount agreed upon to be paid weekly to the plaintiff. No details were arranged, no inventories made or accounts kept. It seems clear that the minds of these parties never met upon any agreement of copartnership.

The judgment of the district court is reversed and the case dismissed.

REVERSED AND DISMISSED.

BARNES, FAWCETT and HAMER, JJ., not sitting.