THOMAS & SONS v. FOLMAR. (No. 5732.)

(Court of Civil Appeals of Texas. Austin. April 11, 1917. Rehearing Denied June 13, 1917.)

BILLS AND NOTES ☞537(8)—DEFENSE—PAYMENT—QUESTIONS FOR JURY.

Where the defense to the note sued on was payment and there were facts and circumstances from which the jury had the right to find that the note had been paid, the court properly refused to instruct the jury to answer issue of payment in the negative, although plaintiff testified that note had not been paid and there was no direct evidence contradicting his testimony.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1885, 1886.]

Appeal from Milam County Court; John Watson, Judge.

Suit by Thomas & Sons against J. T. Folmar. From a judgment for defendant, plaintiffs appeal. Affirmed.

Morrison & Lewis, of Cameron, for appellants. Henderson, Kidd & Gillis, of Cameron, for appellee.

RICE, J. This suit was brought by appellants to recover on promissory note against Folmar, the original payee thereof, as indorser. Appellee defended on the grounds, first, of payment; second, that the suit was not brought to the first term of court, nor to the second term after the note was due, showing good cause for not having brought the same to the first term. Appellants replied, first, denying the payment; second, asserting the insolvency of Roque, the maker, in order to excuse their failure to bring the same in proper time; and, third, alleging extension of the time of payment of the note by agreement between themselves, the maker and indorser. The case was submitted to the jury on special issues, and they, in response thereto, found the plea of payment true, and against the plea of insolvency, and judgment was at appellee's request rendered in his favor, from which appellants have prosecuted this appeal.

In the view we take of the case, it is only necessary to discuss one of the many assignments of error of appellants, upon which they rely for reversal, because, if determined, as we think it should be, in favor of appellee, it renders the other questions raised immaterial. Their fifth assignment alleges that the court erred in not instructing the jury to return a negative answer to the first special issue submitted, because the undisputed evidence showed that the note had never been paid by appellee or otherwise. We think the court properly refused to so instruct the jury. The question of whether the note had been paid or not was one of fact to be determined by the jury from all the evidence. They found against appellants upon this issue. It is true that one of the appellants testified that the note had never been paid, and there is no direct evidence contradicting his testimony in this respect; but there are facts and circumstances in evidence from which the jury had the right, we think, to find that the note had been paid. Appellant was an interested witness, and it appears that the jury saw proper not to credit his testimony, which was a matter solely for their consideration. See Navarro v. Lamana, 179 S. W. 922, and authorities there cited; Atchison & Topeka Ry. Co. v. Lucas, 148 S. W. 1149; Thomas v. Saunders, 150 S. W. 769, and authorities there collated.

The jury having resolved the issue of payment against appellants, and the trial court having permitted their verdict to stand, and he being in a better position to pass upon this issue than we are, we are not inclined to disturb their verdict. We therefore hold that the court did not err in refusing to give the requested charge, for which reason the judgment is affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes