J. A. SWEATT v. AARON JOHNSON.

May Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 3, 1923.

*Partnership—Action for An Accounting—Burden of Producing Evidence to State Account—Duty to Keep Accounts—Doubts Resolved Against Partner Keeping Books Inaccurately—Presumptions—Effect of Statement of Account Between Partners—Managing Partner Issuing Partnership Checks Said to Be for Cash Has Burden of Establishing That Partnership Had Benefit of Cash Received.*

1. Where a partner sues his co-partner for an accounting, the burden of producing evidence on which the full account of the partnership can be stated is primarily upon the plaintiff, and if he cannot furnish sufficient evidence to enable the court to state the account his suit fails.

2. It is the duty of each partner to keep an accurate account of his transactions with or for the partnership, but this duty rests primarily on the managing partner, and, in an action by him for partnership accounting, if he has failed to perform his duty in this regard, all doubts respecting particular items will ordinarily be resolved against him.

3. Where the managing partner has failed in such duty, in a suit by him against his co-partner for an accounting the plaintiff cannot rely upon the accounts kept as a basis for the accounting, but has the burden of proving their accuracy and of showing the application of firm assets to the payment of firm debts.

4. Where the managing partner who kept the firm books has failed in his duty to keep proper partnership accounts, every reasonable presumption should be indulged against him, and any doubt as to validity of credits claimed by him resolved against him, his duty being analogus to that of a trustee.

5. A statement of account between partners, if not objected to within a reasonable time, becomes an account stated and cannot afterward be impeached except for fraud or mistake, but it is only *prima facie* evidence of the settlement of disputed items.

6. In an action by the managing partner for a partnership accounting, where he had drawn checks on partnership funds in favor of persons not creditors of the partnership, which in the books kept by him were said to be for cash, he is required to establish that the partnership had the benefit of the cash received therefor.

ACTION AT LAW FOR AN ACCOUNTING BETWEEN PARTNERS. After judgment to account at the April Term, 1921, Essex County, the case was heard by the presiding judge, *Wilson,* in vacation after such term, in May, 1921. Judgment for the plaintiff. The defendant excepted. The opinion states the case. *Reversed and remanded.*

*Amey & Cameron* for the plaintiff.

*Shields & Conant* for the defendant.

TAYLOR, J. This is an action at law for an accounting in the matter of a partnership between the parties which had been terminated by mutual consent. After judgment to account the

cause was heard by agreement by the presiding judge. Findings of fact were made wherein a balance of $3,369.03 was found due the plaintiff, for which he had judgment with costs. The defendant brings up exceptions to the admission and exclusion of certain evidence, numerous exceptions to the findings, and an exception to the account as stated and to the judgment thereon.

For the most part the facts necessary for a proper setting of the case are not excepted to. Respecting such matters as are covered by challenged findings, it is sufficient for present purposes to state the tendency of the evidence in the view most favorable to the plaintiff. It thus appears that the parties entered into a partnership agreement as of November 1, 1919, to carry on a general merchandise business at Beecher Falls, Vermont, under the firm name of Johnson and Sweatt. Each had previously had somewhat extensive experience in the mercantile business. The defendant was also interested in a store at Canaan Village, about two miles from Beecher Falls, and was conducting another store at Connecticut Lake, N. H. By the partnership agreement the partners were to put into the business equal amounts. The plaintiff was to receive a salary of $1,500 a year and the defendant a salary of $500 a year. The profits and losses were to be shared equally after the salaries were deducted. The total capital of the firm at the beginning of the partnership was $12,249.64, or an investment by each partner of $6,124.82. The defendant furnished a stock of goods at an agreed price and the plaintiff raised $2,000, which he put into the business with certain personal property found to be worth $200, and gave his personal note for the benefit of the defendant to cover the balance of his share of the partnership capital. The plaintiff had active charge of the business during all the time the partnership existed, giving his entire time to it. He kept all the books and accounts and managed the store. The defendant was at the store frequently and had access to the books at all times. He had a general knowledge of the business and of the method employed of keeping the accounts.

The location of the Beecher Falls store proved to be a good one. The sales for the first fifteen months were approximately $80,000 and for the next twelve months approximately $93,000. In February, 1920, an inventory was taken and the partners drew up a statement purporting to show the financial standing

of the firm as of February 1, 1920. This statement showed total assets of $40,273.83 and total liabilities of $21,544.85, or a net worth of $18,728.98. The salaries for one year were adjusted between the partners, and the balance due the plaintiff on his salary after deducting what it was supposed he had previously drawn was applied on his debt to the defendant. The profits of the business supposed to be about $6,000 were left undivided. This was treated by the parties as a settlement of the first year's business. There was a mistake in the statement which, if corrected, would have materially reduced the showing of profits for the year. Among the outstanding obligations of the firm not included in the statement was a note for $2,000, then recently given by the plaintiff on an account for goods purchased. Whether the plaintiff accounted for all sums withdrawn by him prior to February 1, 1920, was in dispute, the defendant claiming that his withdrawals aggregated more than the year's salary and that he was not entitled to the credit secured on his note to the defendant. A year later another inventory was taken. A statement of assets and liabilities was made up by the defendant from the books of the firm and "information furnished by the two partners." This statement showed total assets of $41,799.40 and total liabilities $22,619.05, or a net worth of $19,180.35 as compared with $18,728.98 the year before. The showing of profits for the year being so small, trouble arose resulting in accusations by the defendant of dishonesty on the part of the plaintiff. Propositions of settlement were made, but no agreement was reached which covered an accounting between the partners. It was agreed under date of February 5, 1921, to dissolve the partnership and that the defendant should take over the business, assume and pay all partnership liabilities, and have all the partnership assets. The plaintiff turned the business over to the defendant on February 5, 1921, and the latter took immediate charge. Since that date the plaintiff has had no control of the firm property and no access to the books except under order of court or by agreement of counsel after suit was brought.

The court found and stated the partnership accounts as of February 5, 1921, "so far as the evidence establishes the same." The net worth of the firm for sale purposes was found to be $15,375.14. Some changes from the statement drawn up by the partners were made which are not questioned. The con-

troversy here relates mainly to the statement of the plaintiff's account, especially the amount charged the plaintiff on account of withdrawals. The court charged the plaintiff with withdrawals amounting to $2,592.69 instead of $1,627.04 appearing in the statement of February 5, 1921, and disallowed items of charge claimed by the defendant aggregating $3,740.16. These questioned items relate to checks drawn by the plaintiff on partnership funds. Whether they should be charged to the plaintiff depends upon a showing of the purpose for which they were drawn. Several of the items disallowed antedated the settlement of February 1, 1920. No item previous to that date was allowed except certain "charge slips" which the plaintiff conceded to be proper charge against him. The court took the view that this settlement was conclusive except as to items clearly established as having been omitted by mistake, fraud, or agreement. It was held that there was nothing in the evidence to indicate that previous to that time either partner acted otherwise than in good faith, and that in the circumstances, the burden of establishing items in dispute was upon the party claiming them. The burden of establishing such disputed items was thus cast upon the defendant and the court states, "Should I endeavor to include other items against either party from the evidence now at hand I must guess, for the evidence does not establish them."

Concerning matters in the final year of the partnership it is found that the plaintiff became more careless in the matter of bookkeeping, and either negligently or intentionally made frequent errors in the books to his own advantage and drew checks for his own benefit without proper memoranda. Certain findings of a recriminatory nature are made which are challenged by exceptions. Therein fault is found with the defendant's conduct in certain respects; but these findings can for the present be disregarded, for they afford no justification to the plaintiff, and have no bearing on the questions presently to be noticed. After referring to the attitude of the defendant at the time of the dissolution of the partnership and since, as indicating an intent to take advantage of the plaintiff, the findings state: "This attitude on the part of the defendant leads me to adopt a somewhat more liberal view as to the plaintiff on the final adjustment of the partners' accounts with each other than would otherwise be taken. I think the situation of the parties was such during the

last year of the conduct of the business that as to any item the burden should be on the one seeking to charge the item against the other. Where it has appeared from the evidence, however, that the plaintiff should be charged with an item unless it is accounted for otherwise, I place the burden on the plaintiff to show he has properly cared for that item.'' Appropriate exceptions to the findings raise the question whether the court erred in respect to the burden of proof. This question underlies practically every question argued, and is first for consideration.

[1] For a proper perspective it should be observed that where a partner sues his co-partner for an accounting the burden of producing evidence on which the full account of the partnership can be stated is primarily upon the plaintiff, and if he cannot furnish sufficient evidence to enable the court to state the account his suit necessarily fails. *Ashley* v. *Williams,* 17 Or. 441, 21 Pac. 556; *Maupin* v. *Daniel,* 3 Tenn. Ch. 223; *Hall* v. *Clagett,* 48 Md. 223; *Slater* v. *Arnett,* 81 Va. 432; *Davidson* v. *Wilson,* 3 Del. Ch. 307; *Simpson* v. *Gernandt,* 98 Neb. 330, 152 N. W. 549; *Oglesby* v. *Thompson,* 59 Ohio St. 60, 51 N. E. 878; *Gay* v. *Householder,* 71 W. Va. 277, Ann. Cas. 1914C, 297; *Slaughter* v. *Danner,* 102 Va. 270, 46 S. E. 289. In *Oglesby* v. *Thompson, supra,* the evidence did not enable the trial court to state the account but plaintiff's share on one transaction was found. It was held on review that the judgment was not warranted by the finding; that the plaintiff had the burden of showing that on the settlement of the partnership accounts a balance was due him; while for aught that appeared the plaintiff might be indebted to the defendant or the real balance in his favor might be less than the judgment. The case at bar is somewhat similar in that the items in dispute were disallowed, under the rule respecting the burden of proof adopted by the court, for want of evidence on the part of the defendant to warrant their being made a charge against the plaintiff; whereas, in the absence of special circumstances taking the case out of the ordinary rule, the plaintiff had the burden of furnishing sufficient evidence to enable the court to state the account.

. [2-4] Coupled with this general rule, which is but another way of stating the familiar principle applicable to the plaintiff in an ordinary action, is the rule that it is the duty of each partner to keep an accurate account of his transactions with or

for the partnership. This duty rests primarily on a partner having the management of the partnership business. 20 R. C. L. 1011; *Hubbard* v. *Ferry,* 141 Wis. 17, 123 N. W. 142, 135 A. S. R. 27. If a party to an action for a partnership accounting has failed to perform his duty in this regard, all doubts respecting particular items will ordinarily be resolved against him. 30 Cyc. 742. The case shows that the duty of keeping accurate books showing the firm accounts rested upon the plaintiff and that he failed, either negligently or intentionally, to discharge this duty. It follows then that he could not reply upon the accounts kept as a basis for the accounting, but had the burden of proving their accuracy. *Lewelling's Admr.* v. *Lewelling,* 110 Va. 761, 67 S. E. 362. In the circumstances, he had the burden of showing the application of firm assets to the payment of firm debts (*Marcum's Admr.* v. *Marcum,* 154 Ky. 401, 157 S. W. 1101); and every reasonable presumption was to be indulged against him. *McKleroy* v. *Musgrove,* 203 Ala. 603, 84 So. 280. Doubt as to validity of credits claimed by him should have been resolved against him. *Kirwan* v. *Henry* (Ky.), 16 S. W. 828. Other cases to the same effect are *Hubbard* v. *Ferry, supra; Gay* v. *Householder, supra; Pierce* v. *Scott,* 37 Ark. 308; *Hurter* v. *Larrabee,* 224 Mass. 218, 112 N. E. 613; *Navarro* v. *Lamana* (Tex. Civ. App.), 179 S. W. 922; *Bevens* v. *Sullivan,* 4 Gill (Md.), 383; *Van Ness* v. *Van Ness,* 32 N. J. Eq. 669. The duty of a partner in control of the business being analogous to that of a trustee (*Rayman* v. *Vaughn,* 128 Ill. 256, 21 N. E. 566, 4 L. R. A. 440, 15 A. S. R. 112), the holdings in *Stockwell* v. *Stockwell's Estate,* 92 Vt. 489, 495, 105 Atl. 30, respecting the burden of proof, are pertinent.

[5, 6] It follows necessarily that it must be held that the court erred in placing the burden of proof on the defendant to the extent indicated in the findings. Manifestly this is true respecting the transactions in dispute during the last year of the partnership; and it would seem that the court did not apply the true rule to the disputed items accruing prior to the settlement of February 1, 1920. The general rule respecting an account stated undoubtedly applies to this settlement. The statement, if not objected to within a reasonable time, became an account stated and could not afterward be impeached except for fraud or mistake. Note, 11 A. L. R. 604, where the cases are collected.

However, it would not be conclusive, but only *prima facie* evidence of the settlement of the disputed items. *Bushee* v. *Allen,* 31 Vt. 631. If the defendant should succeed in impeaching the binding force of the settlement, entitling him to go back of it, it is difficult to see why the plaintiff should be relieved of the ordinary burden which the law would cast upon him in the absence of such settlement, in view of the nature of the questioned items. Checks were drawn by the plaintiff on partnership funds in favor of persons not creditors of the partnership, but said to be for cash. It would not be unreasonable to require the plaintiff, who kept the books, to establish that the partnership had the benefit of the cash received therefor; while the rule adopted by the court required the defendant to prove the negative of the proposition.

The error in respect to the burden of proof is fundamental and vitiates the findings to such an extent that a new trial is necessary. As the remaining questions are not likely to recur we take no time to consider them.

*Reversed and remanded.*

MILES, J., having retired took no part in the disposition of the case.